IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUMBLEWEED COMMUNICATIONS CORP., <br><br> Plaintiff, <br><br> v. <br><br> PAYPAL, INC. and eBAY, INC., <br><br> Defendants. <br> _____ / | No. C-02-2212 CW (EDL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES to eBAY'S FIRST INTERROGATORY AND DEFENDANTS' REQUESTS FOR ADMISSION NOS. 29, 34, AND 39** |

In this patent infringement action between plaintiff Tumbleweed Communications Corp. ("Tumbleweed") and defendants PayPal, Inc. ("PayPal) and eBay, Inc. ("eBay"), defendants have filed a motion to compel further responses to eBay's first interrogatory and defendants' requests for admission nos. 29, 34, and 39.  The Court finds that this motion is suitable for decision without oral argument.  Civ. L.R. 7-1(b).  The hearing previously noticed for July 1, 2003 at 9:00 a.m. is vacated.  For the reasons set forth below, defendants' motion to compel further responses to eBay's first interrogatory is denied, without prejudice, and defendants' motion to compel further responses to requests for admission nos. 29, 34, and 39 is granted.

**I.   BACKGROUND**

Tumbleweed alleges that PayPal and eBay infringe three patents owned by Tumbleweed.  The allegedly infringed patents are United States Patents Nos. 6,192,407, 5,790,790, and 6,487,599.

**A.  eBay's Interrogatory**

On January 23, 2003, eBay served a single interrogatory on Tumbleweed, asking Tumbleweed to:

> Describe in detail the development of the alleged invention of the '790 patent, from its earliest conception through reduction to practice (both actual and constructive), including, but not

limited to, all key dates and personnel involved in its conception and reduction to practice.

(Gray Decl., Ex. A at 5.) On February 25, 2003, Tumbleweed served the following response:

> Tumbleweed objects to this interrogatory on the ground that it is a compound interrogatory comprising at least six separate interrogatories. Tumbleweed further objects to this interrogatory as overly broad, unduly burdensome, calling for a narrative, and vague and ambiguous. Tumbleweed further objects to this interrogatory as calling for legal conclusions. Without waiving its objections, Tumbleweed responds as follows:
>
> The inventions claimed in the '790 patent were conceived by Jeffrey C. Smith and Jean-Christophe Bandini. A prototype embodying the inventions claimed in the '790 patent was developed beginning in the second half of 1995 and was first shown to potential investors in or about May 1996. The personnel primarily involved in developing the prototype were Mr. Smith, Mr. Bandini, and Scott Bowman.
>
> Beginning in or about mid-1996, Mr. Smith and Mr. Bandini worked with a patent attorney, Michael Glenn, to prepare the application for the '790 patent which was filed with the United States Patent and Trademark Office on October 24, 1996.

(Id., Ex. B at 3.-4.)

In a letter dated March 11, 2003, eBay objected that Tumbleweed's response failed to "provide the precise dates of conception and actual and constructive reduction to practice, or the specific activities and efforts of the various personnel involved with the alleged invention, and development thereof." (Id., Ex. C.) On March 26, Tumbleweed provided a supplemental response to eBay's interrogatory, which reiterated its previously stated objections, and elaborated on its previous response, as follows:

> The inventions claimed in the '790 patent were conceived by Jeffrey C. Smith and Jean-Christophe Bandini. Mr. Smith began to consider the idea of using both SMTP and HTTP protocols to achieve secure document transmission in mid-1994. He and Mr. Bandini subsequently worked on the idea together and had arrived at a clear understanding of the elements of the '790 patent by mid-1995.
>
> Mr. Smith and Mr. Bandini retained two outside contractors, Steven Newman and Sam Schillace, to work with them to develop a prototype of the invention. Work on this prototype proceeded in 1995 and early 1996, but did not result in a working product. The efforts to develop a prototype, now involving primarily Mr. Smith, Mr. Bandini and Scott Bowman, continued in approximately late 1995 or early 1996. This further effort led to a working prototype embodying the inventions claimed in the '790 patent. The prototype was first demonstrated outside Tumbleweed during presentations to potential investors in or about May 1996.
>
> Beginning in or about August 1996, Mr. Smith and Mr. Bandini worked with a patent attorney, Michael Glenn, to prepare the application for the '790 patent which was filed with the United States Patent and Trademark Office on October 24, 1996.
>
> Tumbleweed's investigation is proceeding and Tumbleweed will supplement this response to the extent further information becomes available.

2

(Id., Ex. D at 2-3.)

In a letter dated March 24, 2003, eBay again objected that Tumbleweed's response was inadequate because "Tumbleweed still has not provided the precise dates of conception and actual and constructive reduction to practice." (Id., Ex. E.) eBay also objected that "merely mentioning that certain persons were involved in the development of the inventions and prototypes does not adequate [sic] 'describe in detail' the development of Tumbleweed's alleged inventions." (Id.) On April 28, 2003, Tumbleweed served its second supplemental response to eBay's interrogatory, in which it stated:

> Tumbleweed's investigation to date has not disclosed responsive information more specific than that provided in Tumbleweed's Responses to eBay's First Set of Interrogatories, served on February 25, 2003, and Tumbleweed's Supplemental Responses to eBay's First Set of Interrogatories, served on March 14, 2003. Tumbleweed's investigation is proceeding and Tumbleweed will further supplement its response if and to the extent it obtains more precise information.

(Id., Ex. H at 2.)

Tumbleweed has not provided any additional supplementation to its responses. eBay now moves to compel Tumbleweed to provide "precise dates of conception and reduction to practice and a detailed chronology of the development of each invention claimed in the '790 patent, or clearly state that it does not know such dates[.]" (Proposed Order ¶ 1.)

**B. Defendants' requests for admission**

Defendants also served Tumbleweed with a set of requests for admissions ("RFA"), to which Tumbleweed responded on April 14, 2003. (Gray Decl., Ex. I.) Defendants object to Tumbleweed's responses to RFA nos. 29, 34, and 39.

RFA No. 29 asks Tumbleweed to admit that "Tumbleweed was aware of T. Berners-Lee et al., Network Working Group Request for Comments: 1738 ("RFC 1738", a copy of which was produced as Bates Range EB/¶ 9649-9670, prior to filing the application for the '790 patent." (Id. at 18.) Tumbleweed responded: "Tumbleweed objects to this request on the ground that is vague and ambiguous as to what would constitute 'aware[ness]' on the part of Tumbleweed. To the extent that Defendants are requesting that Tumbleweed admit that at least one employee of Tumbleweed was aware of RFC 1738 prior to the filing of the application for the '790 patent, Tumbleweed responds that it lacks sufficient information to admit or deny the request." (Id.)

3

RFA No. 34 asks Tumbleweed to admit that "Tumbleweed was aware of T. Berners-Lee, Network Working Group Request for Comments: 1630 ("RFC 1630"), a copy of which was produced as Bates Range EB/¶ 9671-9695, prior to filing the application for the '790 patent." (Id. at 20.) Tumbleweed responded: "Tumbleweed objects to this request on the ground that is vague and ambiguous as to what would constitute 'aware[ness]' on the part of Tumbleweed. To the extent that Defendants are requesting that Tumbleweed admit that at least one employee of Tumbleweed was aware of RFC 1630 prior to the filing of the application for the '790 patent, Tumbleweed responds that it lacks sufficient information to admit or deny the request." (Id.)

RFA No. 39 asks Tumbleweed to admit that: "Tumbleweed was aware of the J. Kunze, Network Working Group Request for Comments: 1736 ("RFC 1736"), a copy of which was produced as Bates Range EB/¶ 9696-9704, prior to filing the application for the '790 patent." (Id. at 21-22.) Tumbleweed responded: "Tumbleweed objects to this request on the ground that is vague and ambiguous as to what would constitute 'aware[ness]' on the part of Tumbleweed. To the extent that Defendants are requesting that Tumbleweed admit that at least one employee of Tumbleweed was aware of RFC 1736 prior to the filing of the application for the '790 patent, Tumbleweed responds that it lacks sufficient information to admit or deny the request." (Id. at 22.)

Defendants now move to compel Tumbleweed to "[e]ither admit or deny defendants' RFAs 29, 34, and 39, or state that it has performed an investigation and provide the details as to why it cannot admit or deny the requests." (Proposed Order ¶ 2.)

## II. DISCUSSION

### A. Interrogatory

Motions to compel responses to interrogatories are authorized by Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. Id. The Civil Local Rules of this Court require that the parties meet and confer "through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation." Civ. L.R. 1-5(n). As eBay's counsel attests that he had several telephone conferences with Tumbleweed's counsel about these discovery issues prior to filing this motion to compel,

4

1  the Court finds that eBay has complied with the meet and confer requirement.  (Gray Decl. ¶¶ 5, 12-13.)

2      Defendants state that they have disclosed to Tumbleweed a number of significant prior art references
3  from 1995, well before Tumbleweed filed the application for the '790 patent.  In order to fully develop their
4  invalidity defenses, search for additional invalidating prior art, and further prepare their claim construction
5  positions, defendants state that they need to know Tumbleweed's precise dates of conception and
6  reduction to practice.

7      A document is considered to be prior art only if it was published before the invention date, <u>not</u> the
8  filing date of the patent.  <u>Mahurkar v. C.R. Bard, Inc.</u>, 79 F.3d 1572, 1576 (Fed. Cir. 1996).  Generally,
9  the date of invention is the date the invention was reduced to practice.  <u>Id</u>. at 1577.  However, the inventor
10  may date the invention back to the time of conception, "'if he connects the conception with its reduction to
11  practice by reasonable diligence on his part, so that they are substantially one continuous act.'"  <u>Id</u>. (quoting
12  <u>Christie v. Seybold</u>, 55 F. 69, 76 (6th Cir. 1893)).  Thus, "priority of invention 'goes to the first party to
13  reduce an invention to practice unless the other party can show that it was the first to conceive the invention
14  and that it exercised reasonable diligence in later reducing that invention to practice.'"  <u>Id</u>. (quoting <u>Price v.
15  Symsek</u>, 988 F.2d 1187, 1190 (Fed. Cir. 1993)).

16      For an invention to be conceived, "[t]he idea must be 'so clearly defined in the inventor's mind that
17  only ordinary skill would be necessary to reduce the invention to practice, without extensive research or
18  experimentation.'"  <u>Id</u>. (quoting <u>Burroughs Wellcome Co. v. Barr Labs., Inc.</u>, 40 F.3d 1223, 1228 (Fed.
19  Cir. 1994)).  Conception must include every feature or limitation of the claimed invention.  <u>Slip Track
20  Systems, Inc. v. Metal-Lite, Inc.</u>, 304 F.3d 1256, 1263 (Fed. Cir. 2002).

21      "To show actual reduction to practice, an inventor must demonstrate that the invention is suitable for
22  its intended purpose."  <u>Mahurkar</u>, 79 F.3d at 1578.  The inventor "must prove that he constructed an
23  embodiment or performed a process that met all the limitations of the claim, and that he determined that the
24  invention would work for its intended purpose."  <u>Slip Track Systems, Inc. v. Metal-Lite, Inc.</u>, 304 F.3d
25  1256, 1265 (Fed. Cir. 2002).

26      Thus, in order to determine what is relevant prior art, defendants need to know not just the filing date
27  of Tumbleweed's patents, but the dates Tumbleweed claims for conception and reduction to practice.
28  Courts have regularly granted motions to compel parties to provide the dates of conception and reduction

to practice in response to discovery requests.  See <u>Burton Mechanical Contractors, Inc. v. Foreman</u>, 148 F.R.D. 230, 233-34 (N.D. Ind. 1992) (compelling responses to interrogatories); <u>Brunswick Corporation v. Chrysler Corporation</u>, 291 F. Supp. 118, 121 (E. D. Wisc. 1968) (compelling responses to interrogatories).  See also <u>Allied-Signal, Inc. v. Allegheny Ludlum Corporation</u>, 132 F.R.D. 134, 138 (D. Conn. 1990) (compelling depositions on the issues of conception and reduction to practice).

Tumbleweed's responses to eBay's interrogatory do not provide specific dates for conception or reduction to practice.  Tumbleweed states only that the inventors "arrived at a clear understanding of the elements of the '790 patent by mid-1995" and that "a working prototype embodying the inventions claimed in the '790 patent . . . was first demonstrated outside Tumbleweed during presentations to potential investors in or about May 1996." (Gray Decl., Ex. D at 2-3.)  Tumbleweed later supplemented its response to state that its "investigation to date has not disclosed responsive information more specific than that provided" in its previous responses to the interrogatory.  (<u>Id</u>., Ex. H at 2.)  Tumbleweed further stated that its "investigation is proceeding and Tumbleweed will further supplement its response if and to the extent it obtains more precise information."  (<u>Id</u>.)

In responding to an interrogatory, a party is required to "furnish such information as is available to the party." Fed. R. Civ. P. 33(a).  "Each interrogatory shall be answered separately and fully in writing under oath[.]" Fed. R. Civ. P. 33(b)(1).  "An interrogatory is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. P. 33(c).

eBay has essentially sought discovery of Tumbleweed's contentions about the date of conception and reduction to practice.  Rule 33(c) authorizes these types of interrogatories.

Tumbleweed, however, has responded that its investigation has not yet uncovered more specific information than that which it has already provided.  The Court will take Tumbleweed at its word.  The Federal Rules of Civil Procedure require only that Tumbleweed provide the information that is available to it. Fed. R. Civ. P. 33(a).  Tumbleweed has agreed to supplement its response if it later obtains more precise information, as it is required to do under Rule 26(e)(2) of the Federal Rules of Civil Procedure. The Court will not order Tumbleweed to provide information that Tumbleweed has already stated it does

1 not currently have.

2 eBay argues, however, that Tumbleweed must know the dates of conception and reduction to 3 practice because it responded to certain requests for admission by denying that certain dates were prior to 4 the invention of the asserted claims of the '790 patent. (See Gray Decl., Ex. I, responses to RFAs nos. 12, 5 20, 24.) Tumbleweed's responses to these requests for admission are not necessarily inconsistent with its 6 response to eBay's interrogatory, however. In those requests for admission, Tumbleweed denied that 7 December 4, 1995, November 8, 1995, and December 20, 1995 were prior to the date of invention of the 8 asserted claims of the '790 patent. (Id.) In Tumbleweed's responses to eBay's interrogatory, 9 Tumbleweed suggested that conception of the '790 invention may have occurred as early as mid-1995, and 10 a working prototype was developed as early as May 1996. Because the date of invention can be the date 11 of conception, if the inventors diligently worked to reduce that conception to practice, Tumbleweed 12 provides some basis for a belief that its invention date for the '790 patent may be as early as mid-1995, 13 even though it currently does not know the precise date.

14 As Tumbleweed has already responded that it does not currently have any more detailed information 15 about the dates of conception and reduction to practice, defendants' motion to compel further response to 16 eBay's first interrogatory is denied, without prejudice to bringing a further motion to compel if Tumbleweed 17 fails to adequately supplement its response after further investigation.

18 **B. Requests for Admission**

19 Motions to compel further responses to requests for admission are governed by Rule 36(a) of the 20 Federal Rules of Civil Procedure, which provides:

21 The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order
22 that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended
23 answer be served.

24 Id.

25 Defendants' requests for admission nos. 29, 34, and 39 ask Tumbleweed to admit that it was aware 26 of certain prior art references before it filed the application for the '790 patent. Tumbleweed responded to 27 all three requests with essentially the same response. It objected to the word "aware," an objection which 28 this Court finds meritless. Tumbleweed also responded that if defendants were requesting that it admit that

7

1   at least one Tumbleweed employee was aware of the prior art references before the filing of the application
2   for the '790 patent, Tumbleweed lacked sufficient information to admit or deny the request.
3       Rule 36 of the Federal Rules of Civil Procedure provides that answers to requests for admission
4   "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully
5   admit or deny the matter." Fed. R. Civ. P. 36(a). In addition, "[a]n answering party may not give lack of
6   information or knowledge as a reason for failure to admit or deny unless the party states that the party has
7   made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to
8   enable the party to admit or deny." Id.
9       Tumbleweed's answers do not state that it made a reasonable inquiry and that the information
10  available to it is insufficient to enable it to admit or deny the requests for admission. In a May 13, 2003
11  letter to opposing counsel, however, Tumbleweed's counsel states that "[w]ith respect to Requests 29, 34,
12  39, Tumbleweed has conducted a reasonable investigation and has furnished all available information based
13  on Tumbleweed's reasonable investigation to date." (Gray Decl., Ex. K.) This statement is not included in
14  Tumbleweed's responses to the requests for admission, though. Even in the letter to opposing counsel,
15  Tumbleweed has not set forth in detail the reasons why it cannot truthfully admit or deny the matter.
16      The Ninth Circuit has held that:

> We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him. The discovery process is subject to the overriding limitation of good faith. . . .
>
> We hold, therefore, that a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted.

Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1246-47 (9th Cir. 1981). Because Rule 36(a) requires the answering party to set forth in detail the reasons why it cannot admit or deny the request for admission, the Court finds that Tumbleweed is required to set forth in detail an adequate explanation of the type of investigation that it undertook, and the reasons why it cannot determine, from that investigation, whether it was aware of the prior art before it filed the application for the '790 patent.

    Accordingly, eBay's motion to compel Tumbleweed to provide further responses to requests for

admission nos. 29, 34, and 39 is granted.

## III. CONCLUSION

For the reasons set forth above, and for good cause shown,

1. The hearing previously noticed for July 1, 2003 at 9:00 a.m. is vacated.

2. Defendants' motion to compel further responses to eBay's first interrogatory is denied, without prejudice.

3. Defendants' motion to compel further responses to defendants' requests for admission nos. 29, 34, and 39 is granted. Defendants will provide further responses to these requests for admission no later than July 9, 2003.

IT IS SO ORDERED.

Dated: June 25, 2003

/s/ Elizabeth D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge